Shauck, J.
Whatever may have been the rules of the common law as to parties in pari delicto, it is not doubted that under the provisions of chapter 5, Title V of the Revised Statutes the loser of property by means of a wager may recover back that which he has lost. It is said, however, that Rodebaugh alone made this wager, that wagering was not within the scope of the firm business, that the wager being illegal, cannot be ratified nor affirmed by the partners who did not participate in it, and that Rodebaugh, being answerable to the firm for a misappropriation of its property, should have sued alone in this case.
If this view of the case is correct, the proposed amendment would have been unavailing. If it is incorrect, the judgment should have been for the plaintiff without amendment. The defendant went to trial upon the merits of the case, without having objected by either demurrer or answer that there was a misjoinder of parties plaintiff. Such misjoinder is one of the grounds of demurrer under section 5062 of the Revised Statutes. It is provided in section 5064, that when any of the defects enumerated in section 5062 do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken by either demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction *145 of the court, and that the petition does not state facts sufficient to constitute a cause of action.
Edmond B. Dillon, for plaintiff.
C. C. Pickering and J. J. Crosbie, contra.
An illegal contract, while executory, cannot be ratified nor affirmed so as to entitle either party to insist upon its performance by the other. But that principle would not have supported a plea of misjoinder of parties plaintiff, if such plea had been made. Rodebaugh alone of the plaintiffs participated in the illegal transaction whereby the property of all the plaintiffs was wagered and lost. The other plaintiffs did not need the aid of the statute which authorizes the suit to recover bach the thing lost. The defendant has wrongfully acquired the property of the plaintiffs. By this suit they affirm the title which he then acquired. They do not in any sense ratify, nor affirm the wagering contract. Indeed, the plaintiffs are all in the position of denying the validity of that contract. They assert a right to recover against the terms of the contract because it was illegal. They are all interested in the subject of the action, and in view of the provisions of section 4270 of the Revised Statutes, none of them is disabled to join in the suit.
The judgment will be reversed and, as the evidence is in effect an agreed statement of facts, a final judgment will be entered in favor of the plaintiffs in error.